**SO ORDERED.**

**SIGNED this 23 day of June, 2009.**

                                      **JAMES D. WALKER, JR.**
                            **UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 08-50669-JDW |
| BETTY TARPLEY, | ) | |
| | ) | |
|     DEBTOR. | ) | |
| | ) | |
| BETTY TARPLEY, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 08-5081 |
|     PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| CAMBRIDGE CREDIT | ) | |
| COUNSELING CORP., | ) | |
| | ) | |
|     DEFENDANT. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Debtor:	Jason M. Orenstein
	Post Office Box 4086
	Macon, Georgia 31208

For Defendant:	Paul Vranicar
	1201 W. Peachtree Street, Suite 2000
	Atlanta, Georgia 30309

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant's motion for summary judgment. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(O). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Undisputed Facts**

Defendant Cambridge Credit Counseling Corporation offers credit counseling and educational assistance on financial matters to consumers throughout the United States. In 2000, Debtor-Plaintiff Betty Tarpley engaged Defendant in response to its advertising. For approximately eight years, Debtor remitted monthly payments to Defendant, totaling more than $30,000. The payments were disbursed by Defendant to various creditors of Debtor after deduction of an administrative fee.

On November 25, 2003, customers of Defendant filed a class action lawsuit in the Eastern District of New York on behalf of all customers of Defendant who received debt management services from Defendant's date of incorporation in 1996 onward. The class action plaintiffs sought damages for alleged violations of the Fair Debt Collection Practices Act, the Credit Repair Organizations Act, the Racketeer Influenced and Corrupt Organizations Act, the Telemarketing and Consumer Fraud and Abuse Protection Act, and various similar state statutes, as well as claims of false advertising, breach of fiduciary duties, and unjust enrichment.

The parties to the class action entered into a settlement agreement. On December 18, 2006, the district court entered an order approving the compromise and setting forth various

terms and conditions, including waiver and release of claims held by the class action plaintiffs. The settlement order provided in relevant part as follows:

> 13. Without any further action by anyone, the Settlement Class [members]... are hereby deemed to have released and forever discharged any and all claims, action[s], causes of action, rights or liabilities which exist against CCCC ... by reason of any matter, event, cause or thing whatsoever arising out of, relating to or in any way connected with (a) the entering into a contract for a debt management plan with CCCC ...; and (b) any of the facts, circumstances, transactions, events, occurrences, acts, omissions or failures to act that are or could have been alleged in the litigation. "Released Claims" is defined to include any and all such claims, actions, causes of action, rights and liabilities, whether or not such claim in known, unknown, suspected, unsuspected, contingent, non-contingent, concealed, hidden, existing, future, based on negligence or intent or malice or other state of mind or lack thereof, arising under any federal or state or local or foreign or international law or statute or rule or regulation or ordinance or common law. ... "Released Claims" is also defined to include, but is not limited to, any and all such claims, actions, causes of action, rights and liabilities based on subsequently discovered facts, or on any theory of law or equity now existing or coming into existence in the future.

<u>Limper v. Cambridge Credit Counseling Corp.</u>, No. 03-5986, Final Order and Judgment Approving Partial Settlement, at 5-6 (E.D.N.Y. Dec. 13, 2006). Debtor was a member of the class, and she did not opt out of it. Thus, she is bound by the waiver and release.

Debtor filed a Chapter 13 petition on March 15, 2008. On September 25, 2008, she initiated an adversary proceeding against Defendant. The complaint alleged violations of consumer protection statutes, breach of contract, and fraud. Defendant filed a motion for summary judgment contending that Debtor's suit is barred under the theory of *res judicata* by virtue of the class action settlement. On January 26, 2009, the Court held a status conference on the adversary proceeding, at which time Debtor agreed to file an amended complaint that would

eliminate any causes of action waived by the class action settlement. She filed the amended complaint on February 10, 2009. The amended complaint added negligence as a cause of action and purported to exclude any claims precluded by the settlement agreement. Although Defendant filed an answer to the amended complaint, its motion for summary judgment as to the original complaint remained pending. The Court held a hearing on the motion on May 19, 2009. For the following reasons, the Court will grant the motion in part and deny it in part.

### Conclusions of Law

Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7056. Under Rule 56, a party is entitled to summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); McCaleb v. A.O. Smith Corp., 200 F.3d 747, 750 (11th Cir. 2000).

None of the facts set forth by Defendant in its motion are in dispute. Debtor engaged the services of Defendant. She paid Defendant money, which it disbursed to her creditors after taking an administrative fee. Debtor was a party to a class action against Defendant that alleged various violations of consumer protection, tort, and contract laws. Debtor continued her contractual relationship with Defendant during the civil suit and after the settlement. The question is, therefore, whether the settlement has a *res judicata* effect on Debtor's claims in this adversary proceeding as a matter of law.

*Res judicata* prevents a party from relitigating a claim resolved in a prior action. Adams

v. Southern Farm Bureau Life Ins. Co., 493 F.3d 1276, 1289 (11th Cir. 2007). It applies if four elements are satisfied: "(1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) identity of the parties; (4) identity of the causes of action." Id. The only element in dispute in this case is the identity of the causes of action. In analyzing that element, the Court must consider "whether the 'primary right and duty are the same.'" Id. (quoting Manning v. City of Auburn, 953 F.2d 1355, 1358 (11th Cir. 1992)). "Claim preclusion applies 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" Id. (quoting Manning, 953 F.2d at 1358-59).

In this case, the class action settlement agreement was broadly drafted to include all liabilities arising from the debt management contract between Defendant and Debtor as well as any conduct by Defendant that could have been alleged in the class action suit, including unknown or later-discovered facts. The Court is satisfied the settlement agreement resolved all claims alleged by Debtor that are based on facts arising prior to and including the date of entry of the order approving the settlement–December 13, 2006. Consequently, *res judicata* applies to prevent Debtor from relitigating pre-settlement claims, and Defendant is entitled to summary judgment as to those claims.

However, Debtor has argued her claim for negligence is based solely on Defendant's post-settlement conduct. Such claims would not be barred by *res judicata*, because the facts did not exist at the time of the prior litigation and, therefore, could not have been the basis of a prior claim. In re Piper Aircraft Corp., 244 F.3d 1289, 1299 (11th Cir. 2001). Defendant's motion for summary judgment did not include or establish the facts material to a post-settlement negligence claim. For example, assuming for purposes of this discussion that Defendant owed Debtor a duty

of care, the Court has no facts from which to determine whether or not Defendant breached that duty.  Likewise, the Court lacks the facts necessary to evaluate the existence of proximate cause and damages.  Without sufficient material facts, the Court cannot determine whether Defendant is entitled to judgment as a matter of law and will therefore deny summary judgment as to negligence claims based on post-settlement conduct and circumstances.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT